UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDRA J. BROGAN,

    Plaintiff,

v.                                            Case No: 6:17-cv-745-Orl-40KRS

VOLUSIA COUNTY, FLORIDA, ARMOR CORRECTIONAL HEALTH SERVICES, INC., MARILYN FORD, MATT REINHART, MELISSA DENMAN, WILLIE JENKINS, MARK FLOWERS, LARRY LANGDON, CRYSTAL MABRY, ANGELA PRUDENTE, JAMIE BRYANT, MELVINA MCCRAE, CHRISTINE GOOD, RUSTY PERRY, MAUREEN LISA O'NEIL, ALICIA SMITH, R.N., BARBARA WHITE, R.N., ANGELA GLASPER, CATHLEEN LLOYD, SUSAN CUMMINGS, R.N. and WAYNE SCHROCK,

    Defendants.
_____/

## ORDER

This cause comes before the Court on the following:

1. Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 123), filed December 4, 2017;

2. Plaintiff's Response in Opposition to Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 134), filed December 22, 2017;

3. Defendants Angela Glasper and Susan Cummings' Joint Motion to Dismiss (Doc. 135), filed December 26, 2017; and

4. Plaintiff's Response in Opposition to Defendants Angela Glasper and Susan Cummings' Joint Motion to Dismiss (Doc. 139), filed January 5, 2018.

With briefing complete, this matter is ripe for review. Upon consideration, the motions are due to be granted in part and denied in part.

I.  BACKGROUND[1]

This case arises from the death of April Brogan ("**AB**") on May 1, 2015, while detained at the Volusia County Jail (the "**Jail**"). Plaintiff Sandra J. Brogan, as personal representative of April Brogan's estate, brings this action against twenty defendants[2] asserting wrongful death claims under Fla. Stat. § 415.1111, 42 U.S.C. § 1983 deliberate indifference and *Monell* claims, and negligence claims.

On or about April 29, 2015, AB was booked into the Jail on a misdemeanor charge. (Doc. 118, ¶¶ 10, 14 ("**Second Amended Complaint**" or "**SAC**")). During intake, and throughout her stay, Plaintiff exhibited clearly observable symptoms of opiate withdrawal. (*Id.* ¶¶ 5, 10–11). AB's condition progressively worsened during her detainment. Several

---

[1] This account of the facts is taken from Plaintiff's Verified Complaint (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

[2] Plaintiff names twenty Defendants in the caption of the Second Amended Complaint, (Doc. 118, p. 1), and brings claims against Volusia County, Armor Correctional Health Services ("**ARMOR**"), and eighteen employees of those entities, in both their individual and official capacities. (*Id.* at ¶¶ 29–58). Larry Langdon is not included in the caption of the Second Amended Complaint ("**SAC**"), but is named in the Parties section of the SAC as well as in Counts XXI and XXII. (*Id.* at ¶¶ 40, 361–77). "Pursuant to Federal Rule of Civil Procedure 10(a), a case caption must name all of [the] parties to a suit. If Plaintiff wishes to bring suit against a defendant, he must list them in the caption and include a factual basis against each which entitles him to relief." *Prunty v. Arnold & Itkin LLP*, No. 2:17-cv-506-FtM-99CM, 2017 WL 5971681, at *3 (M.D. Fla. Dec. 1, 2017). Therefore, the Court will ignore allegations regarding Larry Langdon at this juncture.

times, inmates called Armor, requesting help for AB. (*Id.* ¶ 11). Armor apparently did nothing, and Volusia County officials likewise stood by, despite receiving pleas from other detainees at the Jail for help. (*Id.*). AB was vomiting and "passing blood" in her cell, and became extremely dehydrated. (*Id.* ¶ 12). The smell of AB's vomit was noticeable throughout AB's cell block for hours before she died. (*Id.* ¶ 14). The SAC alleges that Armor had a policy of only administering intravenous fluids to detainees when it was "absolutely necessary;" in this case, despite the clear necessity, Armor (and Volusia County) neglected to provide AB with an intravenous fluid treatment. (*Id.* ¶¶ 12–13). AB died on May 1, 2015, roughly three days after she was booked into the Jail. (*Id.* ¶ 14).

Plaintiff categorically avers that "[e]ach of the Defendants knew at the outset" that AB was addicted to opiates and that she exhibited withdrawal symptoms during intake. (*Id.* ¶¶ 5, 10). Opioid withdrawal symptoms are "easily objectively noticed," and Defendants in this case were further on notice of AB's addiction because of AB's "known medical history," Defendants' possession of documentation showing AB failed drug tests, and AB's placement in drug treatment programs through the Jail. (*Id.* ¶¶ 10, 16).[3]

On April 25, 2017, Plaintiff Sandra J. Brown initiated this action. (Doc. 1 ("**Complaint**")). Plaintiff filed an Amended Complaint on August 14, 2017. (Doc. 72). On November 17, 2017, Plaintiff was granted leave to file the Second Amended Complaint, and so filed on November 20. (Doc. 118).

---

[3] The SAC alleges numerous incidents where the unspecified "Defendants" allegedly received notice of AB's opiate addiction from AB's numerous detainments at the Jail. The SAC recounts instances of AB being detained at the Jail numerous times between June 17, 2013, and November 21, 2014, exhibiting symptoms of drug abuse and withdrawal. (*Id.* ¶ 16).

The SAC brings 26 counts. Counts 1, 2, and 22 bring wrongful death claims pursuant to Fla. Stat. § 415.1111 against Armor, Volusia County, and seventeen individual Defendants. (*Id.* at pp. 19–24, 77–79). Counts 3 and 4 assert § 1983 deliberate indifference claims against Armor and Volusia County. (*Id.* at pp. 24–29). Count 5 brings a § 1983 claim against Volusia County for "deliberate indifference and failure to train and supervise." (*Id.* at pp. 29–33). Counts 6 through 21 assert § 1983 deliberate indifference claims against sixteen individual Defendants. (*Id.* at pp. 33–77).[4] Count 23 brings wrongful death claims based on negligence against eight individual Defendants. (*Id.* at pp. 79–80). Counts 24 and 25 bring negligent training and supervision claims against Volusia County. (*Id.* at pp. 80–83). Finally, Count 26 avers a *Monell* claim against Volusia County for unconstitutional policies or practices resulting in AB's death. (*Id.* at pp. 26).

All Defendants—save two individual Defendants—joined in moving to dismiss the SAC. (Doc. 123). The two holdouts eventually moved to dismiss as well, adopting the arguments advanced in the first-filed motion. (Doc. 135).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a), 10(b). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[4] Each of these Counts includes fifteen near-identical paragraphs—the only substantive change being the named Defendant.

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

The pending motions to dismiss raise a plethora of arguments supporting dismissal. The Court need only address one, however, because the SAC is due to be dismissed as a shotgun pleading.

### A. The SAC is a Shotgun Pleading

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of shotgun complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts,

> causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted). All four categories of shotgun complaints are deficient because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Shotgun pleadings fundamentally violate Federal Rules of Civil Procedure 8(a)(2) and 10(b). *Weiland*, 792 F.3d at 1320. The Eleventh Circuit Court of Appeals has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years . . . ." *Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Faced with a shotgun pleading, district courts must require repleader. *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam).

Where a plaintiff brings claims against multiple defendants, "the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming." *J.V. v. Duval Cty. Sch. Bd.*, No. 3:16-cv-1009-J-34MCR, 2017 WL 4226590, at *1 (M.D. Fla. Sept. 22, 2017); *see also Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, (11th Cir. 1997) (describing as a "prototypical shotgun complaint" a pleading that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15

defendants"); *Synergy Real Estate of SW Fla., Inc. v. Premier Prop. Mgmt. of SW Fla., LLC*, No. 2:11–cv–707–FtM–29UAM, 2013 WL 5596795, at *2 (M.D. Fla. Oct. 11, 2013).

The SAC advances 26 counts against 20 Defendants in 428 paragraphs spanning 87 pages. Plaintiff's kitchen-sink pleading is replete with vague, conclusory, and repetitive allegations, which too often fail to distinguish between Defendants.[5] The SAC is bereft of specific factual allegations as to each individual Defendant. Nonetheless, the SAC indiscriminately alleges that they all knew the circumstances of AB's prior stints at the Jail, knew in the hours and days leading up to AB's death that she needed help, and were each in a position to render AB aid. This pleading style has precluded the Court from discerning which facts relate to which Defendant, and failed to apprise Defendants—particularly the individual Defendants—of the "grounds" on which each claim rests. *See Weiland*, 792 F.3d at 1323. Accordingly, the SAC is due to be dismissed as a shotgun complaint.

### B. Stating Plausible Claims

To streamline repleader, the Court now addresses another of Defendants' dismissal arguments: the § 1983 claims against the individual Defendants fail to state plausible claims. (Doc. 123).

---

[5] For example, Counts 22 and 23 assert claims against multiple defendants "without specifying which of the defendants are responsible for which acts or omissions," thereby committing the sin characteristic of the fourth type of shotgun pleading identified by *Weiland*. *See* 792 F.3d at 1322–23.

And where Plaintiff distinguishes between individual Defendants, they are so distinguished in form, not substance. Take, for instance, Counts 6 through 21, which assert § 1983 deliberate indifference claims against the individual Defendants. Each of these counts include fifteen near-identical paragraphs, with the only material change being the name of the Defendant.

To prevail on a § 1983 deliberate indifference claim, a plaintiff must establish: (1) the plaintiff experienced a serious medical need; (2) defendant showed deliberate indifference to that need; and (3) causation. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). The deliberate indifference element is satisfied where a defendant: (1) subjectively knew of a risk of serious harm; (2) disregarded the risk; and (3) displayed conduct that is more than mere negligence. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Here, Plaintiff's allegations that each individual Defendant acted with deliberate indifference to AB's serious medical need are conclusory, threadbare recitals of the elements of a claim. At best, they are "legal conclusion[s] couched as [] factual allegation[s]," which are similarly not entitled to the presumption of truth. *See Papasan v. Allain*, 478 U.S. at 286. The SAC fails to come close to plausibly pleading that each individual Defendant *subjectively* knew of AB's medical need, and disregarded that need by conduct that is more than mere negligence.[6] To state plausible claims, Plaintiff must do more than generally state each individual Defendant was employed by Volusia County or Armor, and working at the Jail, during AB's April 29 – May 1, 2015, detainment.

Many claims set forth in the SAC are completely devoid of factual support. This method of pleading violates both the letter and spirit of the federal rules. Persistence in this pleading approach may result in the dismissal of claims with prejudice or other appropriate sanctions. Fed. R. Civ. P. 11(b)(2), (3).

## IV. CONCLUSION

---

[6] In opposing Defendants' dismissal motion, Plaintiff notes that "there is no longer a 'heightened pleading' standard in 'cases governed by Rule 8(a)(2), including civil rights [cases]' under § 1983." (Doc. 134, p. 8 (citing *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010)). Plaintiff is correct, though the SAC largely failed to state plausible claims to relief under the *Twombly/Iqbal* standard as described above.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 123) and Defendants Angela Glasper and Susan Cummings' Joint Motion to Dismiss (Doc. 135) are **GRANTED IN PART** and **DENIED IN PART**.

    a. The Second Amended Complaint (Doc. 118) is **DISMISSED WITHOUT PREJUDICE** as a shotgun complaint.

    b. The Motions to Dismiss (Docs. 123, 135) are otherwise **DENIED**.

2. Plaintiff may file a Third Amended Complaint on or before Monday, June 4, 2018. Failure to timely file an amended complaint will result in closure of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on May 24, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties